IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JUANITO CAMPOS,

    Plaintiff,

v.                                          Case No. 4:21-cv-90

                                                    Motion to Dismiss

ALLIANCE GLOBAL GROUP, LLC.,

    Defendant.

_____/

## **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

On its face, Plaintiff's Complaint fails to state a claim on all three counts. Plaintiff sues Defendant for alleged retaliation under Title VII, but fails to allege that he engaged in protected activity under Title VII. Plaintiff sues Defendant for alleged retaliation under the FLSA, but fails to allege that Defendant ever employed him. Finally, Plaintiff sues for alleged national origin discrimination under Title VII, but fails to allege that Defendant had actual knowledge of Plaintiff's national origin.

Because Plaintiff's Complaint fails to state a claim, Defendant, ALLIANCE GLOBAL GROUP, LLC ("Defendant"), by counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this motion to dismiss.

## INTRODUCTION

1. Plaintiff, JUANITO CAMPOS ("Plaintiff"), filed a three-count Complaint against Defendant.

2. Count I alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") by refusing to hire Plaintiff in retaliation for Plaintiff's alleged protected activity.

3. Count II alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §215(a)(3), by refusing to hire Plaintiff in retaliation for Plaintiff's alleged protected activity.

4. Count III alleges that Defendant discriminated against Plaintiff in violation of Title VII by refusing to hire Plaintiff based on his national origin.

5. The following facts are from the Complaint and are treated as true for purposes of this motion only.

6. Plaintiff had worked for KBR Wyle Technological Solutions, LLC ("KBR") for almost eight years, when Defendant was awarded a contract to continue the work KBR and its team, including Plaintiff, had been working on.

7. Defendant proposed a 10-person workforce for the contract. Because KBR's incumbent workforce had 11 people, one of the 11 would not be hired by Defendant for the contract.

8. Defendant's president, Conrad Ferrer, asked representatives of KBR to recommend which one of KBR's eleven employees should not be hired by Defendant.

9. KBR's representatives recommended that Defendant not hire Plaintiff, based on, according to Plaintiff, false reports that Plaintiff frequently challenged instructions and policy changes, and had a tendency to stir up discontent among the workforce. Solely based on this report, and without attempting to verify this information or obtain new information, Ferrer decided not to hire Plaintiff.

10. Approximately two years earlier, and known to KBR's representatives, Plaintiff had inquired about his weekly accrual of sick leave; complained that KBR was not in compliance with federal mandates regarding sick leave; and complained to the U.S. Department of Labor about the perceived unlawful employment practice. According to Plaintiff, this episode became one of the bases for KBR's representatives' retaliatory recommendation to Ferrer not to hire Plaintiff.

## ARGUMENT

### I.  MOTION TO DISMISS STANDARD UNDER FED. R. CIV. P. 12(b)(6)

If it appears from the face of the complaint that a plaintiff cannot prove a set of facts that would entitle them to the relief sought, the court should dismiss the

plaintiff's claims. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). To state a cognizable claim, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). While a court must accept well-pleaded factual allegations as true, "conclusory allegations … are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scoot,* 610 F.3d 701, 709-10 (11th Cir. 2010).

II. **PLAINTIFF CANNOT STATE A CLAIM FOR RETALIATION UNDER TITLE VII**

Title VII prohibits employers from retaliating against employees or job applicants because such individuals have engaged in statutorily protected activity. To make a *prima facie* case for a claim of retaliation under Title VII, "a plaintiff must first show that (1) that [h]e engaged in statutorily protected activity, (2) that [h]e suffered an adverse action, and (3) that the adverse action was causally related to the protected activity." *Jefferson v. Sewon Am., Inc.,* 891 F.3d 911, 924 (11th Cir. 2018); *Bryant v. Jones*, 575 F.3d 1281, 1307-08 (11th Cir. 2009).

To establish Plaintiff was engaged in protected activity, he must show that he opposed a "practice made an unlawful employment practice by this subchapter, or [that he] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §2000e-

3(a).  "This subchapter" refers to **Title VII.**  *See id.*  "In other words, Title VII only makes 'retaliation' unlawful when the alleged act of retaliation is the direct result of a <u>complaint about discrimination, not retaliation based on some activity or status that is not covered by Title VII</u>."  *Fields v. Locke Lord Bissell & Liddell LLP*, No. 1:07-cv-2984, 2009 U.S. Dist. LEXIS 134296, *39 (N.D. Ga. Jul. 1, 2009) (emphasis added).  "**Title VII**'s anti-retaliation provision makes it unlawful for an employer to discriminate against an employee because she has opposed unlawful discrimination."  *Herron-Williams v. Ala. State Univ.*, 805 F. App'x. 622, 631, 2020 U.S. App. LEXIS 3796, *21 (11th Cir. Feb. 7, 2020).

  Plaintiff's Title VII retaliation claim fails because he does not allege that he engaged in activity protected under Title VII.  Plaintiff's alleged protected activity was his reporting of KBR's allegedly "improper method of computing employee accrued sick leave to the U.S. Department of Labor[.]"  Cpt. ¶ 17.  While Plaintiff asserts that such opposition and reporting "are statutorily-protected activities under Title VII," the plain text of Title VII and the authorities interpreting it refute Plaintiff's position.  Such reporting has nothing whatsoever to do with alleged unlawful discrimination under Title VII, and hence was not protected opposition under Title VII.  Because Plaintiff did not engage in "protected activity" under Title VII, Count I fails to state a *prima facie* case of retaliation under Title VII.

### III. **PLAINTIFF CANNOT STATE A CLAIM FOR RETALIATION UNDER THE FLSA**

The Fair Labor Standards Act ("FLSA") prohibits employers from retaliating against or punishing employees who engage in protected activity under the FLSA. To establish a prima facie case of retaliation under the FLSA, the Plaintiff must show: "(1) he engaged in activity protected under the FLSA; (2) he subsequently suffered an adverse employment action; and (3) a causal connection existed between his protected activity and the adverse employment action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000).

However, as a threshold matter, to state a *prima facie* case of retaliation under the FLSA, a plaintiff must be a current or former employee of the defendant. *See* 29 U.S.C. § 215(a)(3) (prohibiting "discriminat[ion] against any employee because such employee" has engaged in protected activity) (emphasis added). Indeed, the statute defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). "[N]on-employee job applicants are excluded from" the protection of the FLSA's prohibition against retaliation. *Harper v. San Luis Valley Regional Medical Ctr.*, 848 F. Supp. 911 (D. Colo. Apr. 8, 1994); *see also Glover v. City of N. Charleston*, 942 F. Supp. 243, 247, No. 2:96-1526, 1996 U.S. Dist. LEXIS 14867, *9 (D. S.C. Sep. 16, 1996) (job applicants are not protected under the FLSA's anti-retaliation provision); *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) (liability

under the FLSA "is based on the existence of an employer-employee relationship.").

Plaintiff does not (and cannot) plead that Defendant ever employed him. In fact, he pleads the opposite: that Defendant refused to hire him. Because applicants cannot bring claims under the FLSA against defendants who never employed them, Plaintiff's claim for FLSA retaliation against Defendant fails and must be dismissed.

## IV. PLAINTIFF CANNOT STATE A CLAIM FOR NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

"Discrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent." *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1261 (11th Cir. 2011). If a decisionmaker does not have actual knowledge of an applicant's national origin, then the employer cannot have discriminated on the basis of national origin. *See Lubetsky v. Applied Card Sys. Inc.*, 296 F.3d 1301, 1305-06 (11th Cir. 2002) (employer cannot discriminate against plaintiff based on religion if employer does not know plaintiff's religion).

Here, Plaintiff does not (and cannot, consistent with Rule 11) allege that the decisionmaker had any knowledge of the national origin of Plaintiff when deciding not to hire Plaintiff. Because a claim for discriminatory failure to hire requires that the decisionmaker have actual knowledge of the plaintiff's protected class, and Plaintiff does not (and cannot) allege that Defendant knew of Plaintiff's

7

national origin, Plaintiff cannot state a *prima facie* case of national origin discrimination under Title VII.  Therefore, Count III must be dismissed.

## CONCLUSION

The facts alleged by Plaintiff do not support a claim of retaliation under either Title VII or the FLSA, nor do they support a claim of discrimination under Title VII.  Therefore, for these and all the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint.

Dated this 30th day of July, 2021.

        Respectfully submitted,

        SPIRE LAW, LLC
        2572 W. State Road 426, Suite 2088
        Oviedo, Florida 32765

        By:    */s/ Whitney M. DuPree*
                Whitney M. DuPree, Esq.
                Georgia Bar No. 880909
                whitney@spirelawfirm.com
                ashwin@spirelawfirm.com
                sarah@spirelawfirm.com

        Attorney for Defendant | Alliance Global Group, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Whitney M. DuPree*
*Attorney*
